22 CV 6356-CJS

# UNITED STATES DISTRICT COURT
## FOR THE ___Western___ DISTRICT OF NEW YORK

---

___Ryan Place___
*Plaintiff-Pro Se,*

*UNITED STATES DISTRICT COURT FILED AUG 22 2022 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

—against—

___N. Vespa___, as ___CERT Correctional officer___,
___J. Clouden___, as ___CERT Correctional officer___,
___John Doe's 1-4___, as ___O.S.I. Investigators___,
___John Doe 5___, as ___Corrections Sargeant___,
___John Doe's 6-10___, as ___CERT Correctional officers___,
___J. Rich___, as ___Superintendent___,

*in their individual capacities,*
*Defendants.*

---

## CIVIL RIGHTS COMPLAINT

***Pursuant to 42 U.S.C.  §1983, §1985, §1986***

---

**Civil Action No.**_____

1 | Page

# I. **PARTIES:**

A. Plaintiff:

The Plaintiff, **Ryan Place** is an inmate incarcerated under the care and custody of the New York State Department of Corrections and Commmunity Supervision, and is being housed at the **Elmira** Correctional Facility, located in **Elmira**, New York. Plaintiff is and was at all relevant times stated herein, an inmate housed at **Elmira**, Correctional Facility, located in **Elmira**, New York.

B.

Defendant, **N. Vespa**, a **CERT Corrections Officer** at the **Elmira**, Correctional Facility, is and was at all relevant times stated herein, a state employee at such facility holding such title, located in **Elmira**, New York.

Defendant, **J. Clouden**, a **CERT Corrections Officer** at the **Elmira**, Correctional Facility, is and was at all relevant times stated herein, a state employee at such facility holding such title, located in **Elmira**, New York.

Defendant, **John Does 1-4**, as **O.S.I. investigators** at the **Elmira**, Correctional Facility, is and was at all relevant times stated herein, a state employee at such facility holding such title, located in **Elmira**, New York.

Defendant, **John Doe 5**, a **Corrections Sargeant** at the **Elmira**, Correctional Facility, is and was at all relevant times stated herein, a state employee at such facility holding such title, located in **Elmira**, New York.

Defendant, **John Does 6-10**, as **Cert Corrections Officers** at the **Elmira**, Correctional Facility, is and was at all relevant times stated herein, a state employee at such facility holding such title, located in **Elmira**, New York.

Defendant, **J. Rich**, a **Superintendent** at the **Elmira**, Correctional Facility, is and was at all relevant times

stated herein, a state employee at such facility holding such title, located in ___Elmira___, New York.

## II.     PRELIMINARY STATEMENT

A. This Complaint is for the deprivation of civil rights, against the defedendant's who, acting under the color of law, statute, ordinance, regulation, custom, or usage of New York State, subjected, or caused to be subjected, the plaintiff, within the jurisdiction of the United States to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States, and as contrary to any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, they should be held liable to the plaintiff injured in this action at law, suit in equity, and/or any other proper proceeding for redress.

B. Defendant's two or more persons in New York State, conspired to deprive the plaintiff of his constitutional rights, either directly or indirectly, for the purpose of preventing or hindering the constituted authorities New York State from giving or securing to all persons within such State or Territory the equal protection of the laws. Defendant's one or more persons engaged herein did, or caused to be done, acts in furtherance of the object of such conspiracy, whereby plaintiff was injured in his person or property, deprived of having and exercising such rights or privileges of a citizen of the United States, and the plaimtiff so injured and deprived has an action for the recovery of damages, occasioned by such injuries and deprivations, against any one or more of the Defendant's. 42 U.S.C. §1985.

C. This is further an action for neglect to prevent. Defendant's collectively who, having knowledge of the wrongs conspired to be done, and mentioned in the above (42 U.S.C. §1985), and are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused to do so, and because such wrongful acts were committed, they shall be held liable to the plaintiff, for all damages caused by such wrongful acts, which such defenant's by reasonable diligence could have prevented; and such damages may be recovered in this action on the case. 42 U.S.C. §1986.

## III.    PLAINTIFF"S FACTUAL COMPLAINT

A. On September 2, 2021, at approximately 1:50 in the forenoon, the Plaintiff was incarcerated at the Elmira Correctional Facility where several members of NYSDOCCS's Cert Team were conducting cell frisks of the Plaintiffs housing unit, in G-Block within the facility. Present also on the unit were at least four investigators from NYSDOCCS office of special investigations as well as an Elmira Corrections sargeant.

B. On the above date and time, Defendant's Vespa and Clouden radioed to have the Plaintiff's cell opened (cell 7-12) to conduct his cell frisk. Upon the cell opening, Defendant Vespa fully entered the Plaintiff's cell, while Defendant Clouden stood in the center of the doorframe. Defendant Vespa then initiated a strip frisk of the Plaintiff.

C. The Plaintiff complied with all of Defendant Vespa's commands which included individualized prompts to remove one article of clothing at a time, and to show Defendant Vespa the areas behind his ears, inside of his mouth, and the bottom of the Plaintiff's feet.

D. Seconds following the strip frisk, and without just cause, warning or provocation, Defendant Vespa punched the (clothed only in underwear) Plaintiff in his face which caused the Plaintiff to fall to the ground. At this point Defendant Clouden entered the cell and both Vespa and Clouden began to assault the Plaintiff.

E. Defendant's Clouden and Vespa continued to beat the Plaintiff who still lay on his cell floor, by stomping him with their booted feet and striking him with closed fists. Mechanical restraints (handcuffs) were placed onto the Plaintiff and the beating ensued further.

F. Despite John Does 1-4 (investigators) and John Doe #5 (corrections Sargeant) standing less than 100 feet from the Plaintiff's cell, none of these Defendant's interceded to stop the assault on the Plaintiff. The Plaintiff was, following the assault, dragged from the cell by his feet, and once forced to stand, escorted to the disciplinary Special Housing Unit. (SHU)

G. Upon arrival to the SHU, and despite verbal objections by the escorting officers, the SHU sargeant refused admittance of the beaten Plaintiff without a medical evaluation. The Plaintiff was then sent to the medical unit where he was evaluated by Defendant Galbraith, a registered nurse.

H. While being evaluated by Defendant Galbraith, with the Plaintiff completely naked, the present escorting officers called the Plaintiff a "pussy" for telling Galbraith what happened and his injuries, as well as stated he was a "little dick fuck". They intimidated Defendant Galbraith into hurrying up the evaluation of the Plaintiff.

I. Defendant Galbraith, in her evaluation, noted a 1" diameter abrasion and swelling to the left upper eyebrow, 1" abrasion to the right rib area, a 3" abrasion to the right shoulder, and a 1/4" abrasion to the left lower cheek. Following the exam, Plaintiff was again escorted and admitted into the SHU, and transferred a day later to Southport Correctional Facility.

J. Following his arrival at Southport, facility medical personnel documented further injuries not documented by Elmira, including deep bruising, and deep lacerations to the Plaintiff's lower back from the handcuffs during the latter half of the beating, by Defendant Vespa and Clouden.

K. Within days of being in Southport, the Plaintiff filed grievances and Prea reports surrounding the beating of him, and spoke to mental health services in regards to the psychological effects of it.

L. Plaintiff asserts that he was subjected to the use of excessive force by Defendant's Vespa and Clouden in violation of U.S. Const. Amend. VIII, and its provision against cruel and unusual punishment. Plaintiff had a right to be free from the "unnecessary and wanton infliction of pain at the hands of prison officials." Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013).

M. In support of his eigth amendment claim against the excessive use of force, the Plaintiff has alleged and met both elements in that (1) a sufficiently serious use of force occurred, and (2) such force was inflicted for malicious and sadistic reasons rather than in a good faith effort to maintain or restore discipline. Harris v. Miller, 818 F.3d 49, 63-64 (2d Cir. 2016).

N. As to Defendants John Doe 1-4 (investigators) and John Doe 5 (Corrections Sargeant), "liability attaches on the theory that the officer, by failing to intervene, becomes a "tacit collaborator" in the illegality". Figueroa v. Mazza, 825 F.3d 89, 106 (2d Cir. 2016)

O. "Failure to intercede results in liability where an officer observes excessive force is being used or has reason to know that it will be." Curley, 268 F.3d at 72, Vann v. Sudranski, No. 16-cv-7367, (S.D.N.Y. June 4, 2020)(quoting Jean-Laurent v. Wilkerson, 461 F. App'x 18, 21 (2d. Cir. 2012). Defendant Rich is further liable.

P. Defendants Vespa and Clouden used excessive force on the Plaintiff and both acted with a subjectively sufficient culpable state of mind. Their conduct was objectively harmful enough and sufficiently serious enough to reach constitutional dimensions.

Q. Plaintiff further pleads a separate failure to intervene claim against supervising defendants. While he does not specifically name officers not directly involved in the assault of him, he doesn't have to because "a failure to intervene cause of action does not itself state a separate constitutional violation." Hickey v. City of N.Y., 01-CV-6506 (S.D.N.Y. Nov. 29, 2004).

R. Further as to John Does 6-10 (Correctional Cert officers), these defendants observed and witnessed the savage assault inflicted by Defendant Vespa and Clouden onto the Plaintiff, yet did nothing to intercede or abate the assault, and are thus "tacit collaborators" under a failure to intervene claim under section §1983.

## IV. Injuries

Plaintiff has suffered and/or will continue to suffer unnecessary pain and suffering, mental disturbance, psychological pain and suffering, and emotional trauma and distress.

## V. Relief Requested

Wherefore, Plaintiff seeks compensatory damages in the amount of $ 500,000.00 and punitive damages in the amount of $ 500,000.00, against each defendant, and for any and all such relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

Ryan M. Place  7/30/22
Ryan Place
Plaintiff, Pro Se

6 | Page

